974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose MARTINEZ-GARCIA, Defendant-Appellant.
 No. 91-2204.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. The court denies the government's motion to dismiss the appeal and the motion of counsel for the defendant to be allowed to withdraw.
 
 
 2
 The only issue in this direct criminal appeal is whether the evidence is sufficient to support the jury's finding that defendant Jose Martinez-Garcia is guilty of unlawfully, knowingly and intentionally importing more than fifty kilograms of marijuana into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3), and possession with intent to distribute more than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b).
 
 
 3
 Defendant was apprehended at a border checkpoint when he entered the United States driving a pickup truck which had, in a container inside the gas tank, 167 pounds of marijuana. Defendant, an American citizen who apparently resides in Mexico, testified, supported by the testimony of two of his brothers, that he had no knowledge of the presence of the marijuana in the truck, which he did not own. The testimony was that defendant was at a car wash when an unidentified stranger asked him to drive the truck to Columbus, New Mexico, to purchase a fuel pump for the stranger and to return to Palomas, Mexico, where he was going to meet this man at the Paquima Bar.
 
 
 4
 After carefully examining the record we are satisfied that there is sufficient evidence for the jury to find guilt beyond a reasonable doubt based on defendant's possession of the truck containing the marijuana, defendant's behavior during the encounter with border agents at the time of entry and during the inspection of the vehicle, and the problems of believability of defendant's testimony. The jury did not have to accept as truth the testimony of the defendant and his two brothers. (To believe defendant's story, the jury would have to believe that the unidentified truck owner--apparently an American, as the truck had California tags--would entrust a valuable truck with a more valuable illegal cargo to defendant, whom he had just met at a car wash in Mexico--apparently not knowing he could pass through the border as an American citizen--for a small errand that would require the illegal cargo to pass through the U.S. border a second time, after the fuel pump trip, if the marijuana was ultimately to come to rest in the United States.
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3